IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GEORGE SKATZES,

  Petitioner,

 -vs-

KEITH SMITH, Warden,

  Respondent.

:
:
:
:

Case No. 3:09-cv-289

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR DISCOVERY

This capital habeas corpus case is before the Court on Petitioner's Motion for Discovery (Doc. No. 51) which Respondent opposes (Doc. No. 52) and on which Petitioner has filed a Reply in support (Doc. No. 53). After the Motion became ripe, the Supreme Court decided *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (2011), and the parties filed additional briefing on its impact on the Motion (Doc. Nos. 61, 62).

### Petitioner's Motion

Skatzes seeks discovery on his First, Third, Fourth, Sixth, Seventh, Eighth, Tenth, and Eleventh Grounds for Relief. In addition, he seeks "discovery on his assertions of gateway innocence to excuse any procedural bars with respect to all three aggravated murders of which Skatzes was convicted. *See Schlup v. Delo*, 513 U.S. 298 (1995)." (Motion, Doc. No. 51, PageID

1005-1006.)

**Vallandingham Murder**

In his First Ground for Relief,[1] Petitioner pleads**:**

> Trial counsel rendered ineffective assistance in the culpability phase when they failed to investigate and present expert and lay witnesses that were material to George Skatzes's defense against the capital murder charges and specifications pertaining to Corrections Officer Robert Vallandingham. U.S. Const. Amends. 6, 14.

With respect to the gateway innocence argument and the ineffective assistance of trial counsel claim made in the First Ground for Relief, Petitioner seeks:

1.1 All Highway Patrol tapes, interviews, and summaries referencing Office [sic] Robert Vallandingham and/or his homicide or the murder of a guard by inmates. (Motion, Doc. No. 51, PageID 1023.)

1.2. All recorded, oral, or written statements made by inmate Anthony Lavelle to the State during the Lucasville riot investigation. *Id.* at PageID 1024.

1.3. James Mays' statement read to Attorney Kelleher by Prosecutor Dan Hogan. *Id.*

1.4. Ohio Department of Rehabilitation and Corrections ("ODRC") files and parole records of inmates Lavelle, Hogan, and Lomache. *Id.* at PageID 1025

1.5. All plea agreements or non-prosecution agreements between the State and witnesses called to testify against Skatzes. *Id.*

1.6. Interrogatories of unspecified content and/or depositions of Anthony Lavelle, David

---

[1] Pleading of the First Ground for Relief does not begin until page 92 of the Petition (Doc. No. 25, PageID 256).

Lomache , Miles Hogan, Aaron Jefferson, James Bell, Eddie Moss, Kenneth Law, James Were, Jason Robb, James Mays, Reginald Williams, Brian Eskridge, Wayne Flannigan, and Willie Johnson. *Id.*

1.7. Depositions of trial attorneys Jeff Kelleher and Robert Dixon. *Id.*

**Sommers Murder**

With respect to his conviction for the murder of inmate David Sommers, Petitioner has pled:

**THIRD GROUND FOR RELIEF:**

Trial counsel rendered ineffective assistance in the culpability phase when they failed to investigate and present exculpatory, impeaching, and rebuttal witnesses to defend against the capital murder charges and specifications pertaining to inmate David Sommers. U.S. Const. Amends. 6, 14.

**FOURTH GROUND FOR RELIEF:**

The State pursued materially inconsistent theories when it prosecuted George Skatzes for the aggravated murder of David Sommers. The State's inconsistent theories of prosecution for that aggravated murder violate Skatzes's right to due process and his right against cruel and unusual punishment. U.S. Const. Amends. 8, 14.

**SIXTH GROUND FOR RELIEF:**

George Skatzes is actually innocent of the aggravated murder of David Sommers, in violation of the Cruel and Unusual Punishment Clause. His conviction for that capital crime is unreliable and Inaccurate in violation of the due process clause. U.S. Const. Amends. 8, 14.

(Petition, Doc. No. 25, PageID 267, 272, 277.)

To support these Grounds, he seeks:

2.1. All Highway Patrol tapes, interviews, and summaries referencing David Sommers

and/or his homicide. (Motion, Doc. No. 51, PageID 1036.)

2.2 ODRC files and parole records for Roger Snodgrass and Robert Brookover. *Id.* at PageID 1037.

2.3. All plea or non-prosecution agreements with the State's witnesses at Skatzes trial

2.4. Depositions of trial attorneys Kelleher and Dixon. *Id.*

2.5. Official discovery provided by the State to defense counsel and depositions of the state prosecutors. *Id.* at PageID 1039-1040.

2.6. Interrogatories of unspecified content and/or depositions of Aaron Jefferson, Wayne Flannigan, Jesse Bocook, David Marsh, Roger Snodgrass, Robert Brookover, James Hunt, Albert Klontz, and Emanuel "Buddy" Newell. *Id.* at PageID 1040.

**Elder Murder**

With respect to his conviction for the murder of Earl Elder, Petitioner has pled the following grounds for relief:

> **SEVENTH GROUND FOR RELIEF:**
>
> Trial counsel rendered ineffective assistance in the culpability phase when they failed to investigate and present exculpatory, impeaching, and rebuttal witnesses to defend against the capital murder charges and specifications pertaining to inmate Earl Elder. U.S. Const. Amend. 6, 14.
>
> **EIGHTH GROUND FOR RELIEF:**
>
> The State violated George Skatzes's right to due process when it suppressed evidence that was material to his defense to the aggravated murder charges and specifications for Earl Elder's death. U.S. Const. Amend. 14.

**TENTH GROUND FOR RELIEF:**

George Skatzes is actually innocent of the aggravated murder of Earl Elder, in violation of the Cruel and Unusual Punishment Clause. His conviction for that capital crime is unreliable and inaccurate in violation of the Due Process Clause. U.S. Const. Amends. 8, 14.

(Petition, Doc. No. 25, PageID 280, 286, 291.)

As to this conviction, he seeks the following discovery:

3.1. All Highway Patrol tapes, interviews and summaries referencing Earl Elder and/or his homicide. (Motion, Doc. No. 51, PageID 1047.)

3.2. ODRC Files, including disciplinary files, disciplinary hearing records, parole records for Roger Snodgrass and Tim Williams. *Id.* at PageID 1048.

3.3. Plea and/or non-prosecution agreements between the State and witnesses Snodgrass and Williams. *Id.*

3.4. Depositions of trial attorneys Jeffrey Kelleher and Robert Dixon; prosecutors Mark Piepmeier, Daniel Hogan, and Douglas Stead; and exculpatory witnesses Tony Taylor, Kenneth Law, Eric Girdy, Jack Spurlock, Emanuel "Buddy" Newell, James Hunt, and Michael Thomson. *Id.*

**Mitigation**: **ineffective assistance of appellate counsel**

In his Eleventh Ground for Relief, Petitioner alleges he received ineffective assistance of trial counsel when they failed to develop and present relevant mitigating evidence. He seeks the following discovery:

4.1. Depositions of trial attorneys Kelleher and Dixon. (Motion, Doc. No. 51, PageID 1062.)

4.2. Depositions of or interrogatories to omitted mitigation witnesses identified in post-conviction: Jackie Kay Bowers, Cindy Skatzes, Arthur Davis, Jeffrey Smalldon, Douglass Scharre, and Clemens Bartollas. *Id.* at PageID 1063.

**The State's Response**

The Warden opposes all of Petitioner's discovery requests. (Memorandum in Opposition, Doc. No. 52, PageID 1066.) In general, Respondent argues that habeas petitioners must satisfy 28 U.S.C. § 2254(d)(1) and (2) before doing factual development in federal court, and they must also satisfy 28 U.S.C. § 2254(e)(2) before presenting any evidence in federal court. *Id.* at PageID 1069-1071.

To the requests for discovery to show actual innocence, the Warden responds that actual innocence is not a cognizable claim in habeas corpus. *Id.* at PageID 1073, 1075, 1076, 1079, 1080, 1082. The Warden repeatedly asserts that Skatzes' allegations in support of discovery are not specific enough. *Id.* at PageID 1068, 1072, 1073, 1074, 1076. Respondent asserts that Grounds for Relief One, Three, Four, Seven, Eight, and Eleven are procedurally defaulted in part and therefore no discovery should be granted on these Grounds. *Id.* at PageID 1072. As to the Highway Patrol tapes, interviews, summaries, and computer-generated index, the Warden asserts the sought discovery is too broad and that some of the information has been previously classified as work product by this Court. *Id.* at PageID 1074.

As to the ODRC files for inmate witnesses, the Warden asserts lack of due diligence on Skatzes' part because he did not request these documents in post-conviction. *Id.* at 1076. He

4.2. Depositions of or interrogatories to omitted mitigation witnesses identified in post-conviction: Jackie Kay Bowers, Cindy Skatzes, Arthur Davis, Jeffrey Smalldon, Douglass Scharre, and Clemens Bartollas. *Id.* at PageID 1063.

**The State's Response**

The Warden opposes all of Petitioner's discovery requests. (Memorandum in Opposition, Doc. No. 52, PageID 1066.) In general, Respondent argues that habeas petitioners must satisfy 28 U.S.C. § 2254(d)(1) and (2) before doing factual development in federal court, and they must also satisfy 28 U.S.C. § 2254(e)(2) before presenting any evidence in federal court. *Id.* at PageID 1069-1071.

To the requests for discovery to show actual innocence, the Warden responds that actual innocence is not a cognizable claim in habeas corpus. *Id.* at PageID 1073, 1075, 1076, 1079, 1080, 1082. The Warden repeatedly asserts that Skatzes' allegations in support of discovery are not specific enough. *Id.* at PageID 1068, 1072, 1073, 1074, 1076. Respondent asserts that Grounds for Relief One, Three, Four, Seven, Eight, and Eleven are procedurally defaulted in part and therefore no discovery should be granted on these Grounds. *Id.* at PageID 1072. As to the Highway Patrol tapes, interviews, summaries, and computer-generated index, the Warden asserts the sought discovery is too broad and that some of the information has been previously classified as work product by this Court. *Id.* at PageID 1074.

As to the ODRC files for inmate witnesses, the Warden asserts lack of due diligence on Skatzes' part because he did not request these documents in post-conviction. *Id.* at 1076. He

4.2. Depositions of or interrogatories to omitted mitigation witnesses identified in post-conviction: Jackie Kay Bowers, Cindy Skatzes, Arthur Davis, Jeffrey Smalldon, Douglass Scharre, and Clemens Bartollas. *Id.* at PageID 1063.

**The State's Response**

The Warden opposes all of Petitioner's discovery requests. (Memorandum in Opposition, Doc. No. 52, PageID 1066.) In general, Respondent argues that habeas petitioners must satisfy 28 U.S.C. § 2254(d)(1) and (2) before doing factual development in federal court, and they must also satisfy 28 U.S.C. § 2254(e)(2) before presenting any evidence in federal court. *Id.* at PageID 1069-1071.

To the requests for discovery to show actual innocence, the Warden responds that actual innocence is not a cognizable claim in habeas corpus. *Id.* at PageID 1073, 1075, 1076, 1079, 1080, 1082. The Warden repeatedly asserts that Skatzes' allegations in support of discovery are not specific enough. *Id.* at PageID 1068, 1072, 1073, 1074, 1076. Respondent asserts that Grounds for Relief One, Three, Four, Seven, Eight, and Eleven are procedurally defaulted in part and therefore no discovery should be granted on these Grounds. *Id.* at PageID 1072. As to the Highway Patrol tapes, interviews, summaries, and computer-generated index, the Warden asserts the sought discovery is too broad and that some of the information has been previously classified as work product by this Court. *Id.* at PageID 1074.

As to the ODRC files for inmate witnesses, the Warden asserts lack of due diligence on Skatzes' part because he did not request these documents in post-conviction. *Id.* at 1076. He

asserts that the plea or non-prosecution agreements are obviously not relevant to prove his innocence and were never requested in post-conviction. *Id.* at PageID 1077.

As to depositions of trial counsel, the Warden asserts their affidavits in post-conviction were of questionable credibility. *Id.* at PageID 1078. As to inmate depositions, the Warden asserts these were never requested in post-conviction and are also of questionable credibility. *Id.* at PageID 1079. As to the requested depositions of the trial prosecutors to learn how they decided who to offer deals to, the Warden asserts that whatever information was learned would not make Skatzes less culpable. *Id.* at PageID 1081. As to depositions of mitigation witnesses, these were never requested in state post-conviction. *Id.* As to the "prosecution's official discovery file," the Warden asserts there has been no showing that this would assist in proving Petitioner's actual innocence and was never requested in the state courts (after, of course, it was furnished to trial counsel). *Id.* at PageID 1082.

**Petitioner's Reply**

In his Brief in Reply, Petitioner makes four arguments.

First of all, Skatzes says discovery for proving a gateway innocence claim is not subject to the restrictions of 28 U.S.C. § 2254(e)(2). He notes that, in addition to the good cause requirement of Habeas Rule 6, this Court has held ¶ 2254(e)(2) limits discovery in habeas because habeas discovery is "fact gathering with a purpose – presentation of facts in evidence in court" and therefore facts which could not be admitted in evidence could also not be gathered in discovery. (Reply, Doc. No. 53, PageID 1128-1129.) He then asks this Court to adopt "a necessary corollary to its prior

holding, i.e., that discovery sought for purposes of excusing a procedural default is not subject to the limitations of § 2254(e)(2)." *Id.* at PageID 1129.

Second, Skatzes argues he can take discovery "on the federal question of whether a state court's unreasonable § 2254(d)(1) merits decision has created an actual prejudice to him under *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)." *Id.* at PageID 1130.

Thirdly, Skatzes claims that, contrary to the Warden's position, he did diligently seek the discovery sought here. *Id.* at PageID 1132-1133.

Lastly, Petitioner asserts that actual innocence is a cognizable claim in federal habeas. *Id.*

### *Cullen v. Pinholster* Impact

After the initial briefing by both parties, the Supreme Court decided *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388 (2011). At the Court's request, the parties briefed what they believed its impact should be.

The Warden asserts that granting discovery would be inconsistent with *Pinholster* "where the petitioners' [sic] claims have been adjudicated on the merits by the state courts and the petitioner cannot show, based on the record available to the state courts, that the adjudications of the state courts are objectively unreasonable." (Warden's *Pinholster* Brief, Doc. No. 61, PageID 1155).

Petitioner responds that "*Pinholster* does not change the fundamental principles associated with habeas litigation, and more importantly for the current discussion, the requisite showing that a habeas petitioner must make in order to warrant the granting of discovery." (Petitioner's *Pinholster* Brief, Doc. No. 62, PageID 1164.) Alternatively, *Pinholster* should be read to restrict fact

development in federal habeas only where the petitioner had been allowed "unfettered and substantial state processes" for fact development. *Id.* at PageID 1161.

## Analysis

### Standard for Discovery in Habeas Corpus

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, *citing United States v. Armstrong*, 517 U.S. 456 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487 (6th Cir. 2003), *quoting Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974, (6th Cir. 2004), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Conclusory

allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Id., citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

In conducting the analysis that led to granting discovery in *Bracy v. Gramley, supra*, the Supreme Court provided at least part of the template which lower courts should follow in deciding discovery motions in habeas corpus cases.

First, it identified the claims to which the sought discovery in that case related and specifically determined whether they were claims upon which habeas corpus relief could be granted at all. Federal habeas corpus is, of course, available only to correct wrongs of constitutional dimension. 28 U.S.C. §2254(a); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). In *Bracy* the claim was that the trial judge was biased in favor of other defendants who had bribed him and therefore had a motive to be harsh with those, like the petitioner, who had not. The Supreme Court distinguished this kind of claim of judicial disqualification from other non-constitutional claims which would not be cognizable in habeas corpus. This part of the *Bracy* analysis makes it clear that discovery should not be authorized on allegations in a habeas corpus petition which do not state a claim upon which habeas corpus relief can be granted.

Secondly, the Supreme Court identified circumstances which corroborated Bracy's theory of relief and request for discovery:

> As just noted above, petitioner's attorney at trial was a former associate of Maloney's, App. 51, and Maloney [the corrupt trial judge] appointed him to defend this case in June 1981. The lawyer announced that he was ready for trial just a few weeks later. He did not request additional time to prepare penalty-phase evidence in this death penalty case even when the State announced at the outset that, if petitioner were convicted, it would introduce petitioner's then-pending Arizona murder charges as evidence in aggravation. Tr. of Oral Arg. 43. At oral argument before this Court, counsel for petitioner suggested, given that at least one of Maloney's former law

> associates--Robert McGee--was corrupt and involved in bribery, see supra, at 8, that petitioner's trial lawyer might have been appointed with the understanding that he would not object to, or interfere with, a prompt trial, so that petitioner's case could be tried before, and camouflage the bribe negotiations in, the Chow murder case. Tr. of Oral Arg. 17-18, 43-44. This is, of course, only a theory at this point; it is not supported by any solid evidence of petitioner's trial lawyer's participation in any such plan. It is true, however, that McGee was corrupt and that petitioner's trial coincided with bribe negotiations in the Chow case and closely followed the Rosario murder case, which was also fixed.

520 U.S. 907-908.

> We emphasize, though, that petitioner supports his discovery request by pointing not only to Maloney's conviction for bribe taking in other cases, but also to additional evidence, discussed above, that lends support to his claim that Maloney was actually biased in petitioner's own case. That is, he presents "specific allegations" that his trial attorney, a former associate of Maloney's in a law practice that was familiar and comfortable with corruption, may have agreed to take this capital case to trial quickly so that petitioner's conviction would deflect any suspicion the rigged Rosario and Chow cases might attract.

*Id*. at 909. The quoted "specific allegations" language is from *Harris v. Nelson, supra,* and demonstrates that the Supreme Court in both cases was adverting not to the **claim** language in the habeas petition, but to specific **evidence** obtained outside the discovery process and presented in support of a motion for discovery, which corroborates the claimed constitutional violation.

Other parts of habeas corpus procedural jurisprudence, although not relevant to the particular decisions in *Harris* and *Bracy*, also should inform a district court's exercise of its discretion in granting discovery under Habeas Rule 6. The purpose of discovery in any case is ultimately to gather evidence which will be put before the court in deciding the case on the merits. In order to obtain an evidentiary hearing in federal court on a claim on which he has not fully developed the

factual basis in state court, a habeas corpus petitioner must show cause and prejudice under *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). Logically, there is no good reason to gather evidence which one will not be permitted to present because one cannot satisfy the *Keeney* standard. Therefore, if there are items of evidence sought in discovery which could have been obtained and presented during the state court process but were not, a petitioner should make the required *Keeney* showing before being authorized to conduct discovery to obtain the evidence.

## Application

Habeas Rule 6 was adopted in 1976 and has only been amended once, and then non-substantively, with the 2004 restyling project. The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") did not amend the Rule or speak directly to discovery. Nor does *Pinholster*. The question the Court must answer is whether these sources of the law have any implications for applying Rule 6.[2]

## Discovery Sought to Show Actual Innocence

**Actual Innocence - Stand Alone Claim**

A very substantial portion of the sought discovery in this case relates to Skatzes' claims of

---

[2] There is one exception: the plain language of Rule 6(b) requires that any proposed interrogatories must be included with the request for discovery. Because Petitioner did not do so, his requests for interrogatories (parts of Requests 1.6, 2.6, and 4.2) are denied.

actual innocence as a stand-alone habeas corpus claim or his assertion of actual innocence sufficient to satisfy the so-called "gateway" to excuse any procedural defaults which might bar merits consideration of other habeas claims.[3]

To justify this discovery, Skatzes asserts first that actual innocence is a cognizable habeas corpus claim standing alone, but then acknowledges that the "cognizability of freestanding claims of actual innocence remains an open question." (Petitioner's Brief in Reply, Doc. No. 53, PageID 1134.)

In the Magistrate Judge's opinion, Petitioner's counsel correctly analyzes *Herrera v. Collins*, 506 U.S. 390 (1993): a majority of the Justices on the *Herrera* Court said it would be unconstitutional to execute a factually and legally innocent person. But that is plainly dictum since the majority was persuaded that Herrera was not such a person. *Herrera* is nearly twenty years old, the Supreme Court has never held actual innocence is a cognizable claim, and all four of the Justices who most strongly supported that position are no longer on the Court.

Petitioner also cites to *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52 (2009), where the Supreme Court held there was no constitutional right to post-trial DNA testing. On the actual innocence issue, the Court commented:

> Whether such a federal right exists is an open question. We have struggled with it over the years, in some cases assuming, *arguendo*, that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet. *House*, 547 U.S., at 554–555, 126 S.Ct. 2064; *Herrera*, 506 U.S., at 398–417, 113 S.Ct. 853; *see also id.*, at 419–421, 113 S.Ct. 853 (O'Connor, J., concurring); *id.*, at 427–428, 113 S.Ct. 853 (SCALIA, J., concurring); Friendly, Is Innocence Irrelevant? Collateral Attack

---

[3] Skatzes posits that "identical fact development would be necessary to prove his actual innocence under either theory." (Petitioner's Brief in Reply, Doc. No. 53, PageID 1134, n. 10.)

on Criminal Judgments, 38 U. Chi. L.Rev. 142, 159, n. 87 (1970).

*Id.* at 2321.

Petitioner argues the present Court has also "indicated that a claim of actual innocence is cognizable in habeas." (Petitioner's Brief in Reply, Doc. No. 53, PageID 1134-1135, relying on *In re Davis*, 557 U.S. ___, 130 S. Ct. 1 (2009).) The *Davis* case, before the Supreme Court in the same year as *Osborne*, involved a habeas petition filed as an original action in the Supreme Court and transferred under 28 U.S.C. § 2241(b) to the District Court with personal jurisdiction of the custodian, the District Court for the Southern District of Georgia. The Supreme Court instructed the District Judge to "receive testimony and make findings of fact as to whether evidence that could not have been obtained at the time of trial clearly establishes petitioner's innocence." *Id.* Obviously the Court majority did not think transfer of the case with instructions was a vain act, but again did not hold actual innocence was a cognizable claim. However, when Mr. Davis' case again reached the Supreme Court, all nine Justices[4] concurred in dismissing the appeal and denying the petition without opinion. *In re Davis*, 131 S. Ct. 1808 (2011); *Davis v. Humphrey*, 131 S. Ct. 1788 (2011). Petitioner suggests that the Supreme Court "did nothing to disturb the findings of the district court regarding Davis's Eighth Amendment claim of innocence, and in denying the appeal, essentially affirmed those findings." (Reply Brief, Doc. No. 53, PageID 1136.) However, the Supreme Court's refusal to exercise jurisdiction is not precedential. *Teague v. Lane,* 489 U.S. 288, 296 (1989)("the 'denial of a writ of certiorari imports no expression of opinion upon the merits of the case'," *quoting United States v. Carver,* 260 U.S. 482, 490 (1923).

---

[4] By the time the case again reached the Court, Justice Kagan had replaced Justice Souter and Justice Sotomayor participated, as she had not on the first case.

Whatever inferences may be drawn from recent Supreme Court comment on actual innocence, it is clear that the Court has never expressly said that actual innocence is a cognizable habeas claim, standing alone. *Bracy, supra*, speaks of discovery on "elements" of claims made. Again, by inference, Habeas Rule 6 does not authorize discovery on noncognizable claims. If this were a case governed by the Rules of Civil Procedure, recent Supreme Court precedent would counsel dismissing noncognizable claims before allowing discovery on them. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

One aspect of recognizing a stand-alone actual innocence claim which the Supreme Court has not discussed would be its impact on discovery. As District Judge Moore noted in *Davis,* the reliability of witness testimony degrades over time, but scientific ability improves. *In re Davis*, 2010 WL 3385081, n. 18 (S.D. Ga. Aug. 24, 2010). The availability of constantly improving DNA testing, for example, has accounted for most of the post-conviction exonerations won by Innocence Projects. As the costs of DNA testing continue to decline and their sensitivity increases, the cost-benefit analysis for recognizing actual innocence claims based on DNA testing changes radically, particularly when a test can include or exclude a suspect/convict with virtual certainty. That calculus is quite different in a case such as this when the actual innocence claim depends on reassembling and reweighing "moral" evidence, dependent as it is on degraded memory but possibly also on changed motivations about testimony. In other words, a great deal of costly gathering of evidence may result in no more certainty than at the time of trial.

Because the Supreme Court has not recognized actual innocence as a stand-alone claim, the Court denies discovery insofar as it is sought to support Petitioner's stand-alone actual innocence claims.

**"Gateway" Actual Innocence**

In contrast to the stand alone actual innocence claim, the Supreme Court has recognized that a showing of actual innocence can excuse a procedural default which would otherwise prevent a habeas court from reaching the merits of an independent constitutional claim. *House v. Bell,* 547 U.S. 518 (2006); *Schlup v. Delo*, 513 U.S. 298 (1995); *Sawyer v. Whitley,* 505 U.S. 333 (1992).

However, Petitioner cites no authority expressly addressing discovery on "gateway" innocence. *Bracy* does not speak to that question and neither do any of the leading gateway cases cited above. Furthermore, the present motions papers do not facilitate court review of the actual innocence material already filed.

Therefore, discovery directed to the actual innocence gateway question is denied without prejudice to renewal of the request in the following form not later than April 1, 2012:

1. Citation to authority for the proposition that Habeas Rule 6 allows discovery of facts relevant in habeas litigation which are not directly relevant to "elements" of the claims.

2. Record citations in support of the motion which comply with the Court's Order Regarding Citations (Doc. No. 75).

3. Argument directed to the question why the existing evidentiary material (e.g., the post-conviction affidavits) are not sufficient to establish the gateway, i.e., why more discovery is needed.

4. Comparison of the discovery sought here and that granted by District Judges in other Lucasville riot capital cases (Judge Marbley in *Robb*; Chief Judge Dlott in *Hasan*;

Judge Watson in *Were*).[5]

**Discovery Sought for Purposes Other Than Proving Actual Innocence**

Requests 1.1 through 1.6 seek to discover information in support of the First Ground for Relief, ineffective assistance of trial counsel. Request 1.2 for statements of Anthony Lavelle and 1.3 for a statement of James May are granted. Request 1.7 to depose trial counsel is granted; these depositions may inquire into information sought on other grounds for relief as well. Request 1.1 for all Highway Patrol tapes, etc., is overbroad and denied unless Petitioner establishes in his renewed motion that a District Judge has granted a parallel request in one of the other Lucasville riot capital cases. Petitioner has not established that the information sought in Requests 1.4 and 1.5 are material to proving the First Ground for Relief, and they are denied. The interrogatories sought in Request 1.6 have already been denied. A decision on the depositions sought in Request 1.6 is postponed until the Court has determined:

(1) whether the First Ground for Relief is to be reviewed de novo or deferentially under 28 U.S.C. § 2254(d)(1) and (2) and

(2) whether Respondent's procedural default defense to the First Ground for Relief is well taken.

Requests 2.1, 2.2, and 2.3 are denied on the same basis as Requests 1.1, 1.4, and 1.5. Request 2.4 is granted. The information sought in Request 2.5 should be sought first from the trial attorneys at their depositions. The interrogatories sought in Request 2.6 have already been denied. A decision on the depositions sought in Request 2.6 is postponed until the Court has determined:

---

[5] Since habeas corpus discovery is discretionary, it seems inappropriate, in the absence of very persuasive argument to the contrary, for this Court to constrain discovery in this case arising out of the same factual circumstances if District Judges of this Court have granted parallel requests.

(1) whether the Third, Fourth, and Sixth Grounds for Relief are to be reviewed *de novo* or deferentially under 28 U.S.C. § 2254(d)(1) and (2) and

(2) whether Respondent's procedural default defense to the Third and Fourth Grounds for Relief is well taken.

Requests 3.1, 3.2, and 3.3 are denied on the same basis as Requests 1.1, 1.4, and 1.5. A decision on the depositions sought in Request 3.4 is postponed until the Court has determined:

(1) whether the Seventh, Eighth, and Tenth Grounds for Relief are to be reviewed *de novo* or deferentially under 28 U.S.C. § 2254(d)(1) and (2) and

(2) whether Respondent's procedural default defense to the Seventh and Eighth Grounds for Relief is well taken.

Request 4.1 is granted as to the depositions of trial counsel. Request 4.2 is denied because the Court believes all of the witnesses sought to be deposed provided affidavits for Petitioner in the post-conviction process. Nothing prevents Petitioner's counsel from interviewing those witnesses. A decision on whether to depose them is postponed until the Court has determined (1) whether the Eleventh Ground for Relief is to be reviewed *de novo* or deferentially under 28 U.S.C. § 2254(d)(1) and (2) and (2) whether Respondent's procedural default defense to the Eleventh Ground for Relief is well taken.

Given these dispositions of the various requests for discovery, it is unnecessary to the Court to decide on Petitioner's argument regarding prejudice under *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

Not later than April 1, 2012, Petitioner shall file a statement of his position as to whether each of his Grounds for Relief was decided on the merits in the state courts with citations to the

record to show where he has taken that position. Respondent shall file a responsive statement not later than April 15, 2012.

Prior to the decision in *Pinholster*, it had been this Magistrate Judge's strong preference to maintain in capital habeas corpus litigation a close parallel to the processing of ordinary civil cases, to wit, pleading, followed by discovery, followed by an evidentiary hearing in most cases, followed by a recommendation on the merits. While the implications of *Pinholster* are not yet clear, it now appears more conducive to judicial economy to decide § 2254(d)(1) and (2) and procedural default defense issues first, at least before authorizing discovery as extensive as that sought in this case. The parties are invited to offer their suggestions for scheduling the balance of this litigation in light of that observation.

February 24, 2012.

s/ **Michael R. Merz**<br>
United States Magistrate Judge